DINA L. SANTOS, SBN 204200
Dina L. Santos, A Professional Law Corp.
455 Capitol Mall, Suite 802
Sacramento, California 95814
Telephone: (916) 447-0160

Attorney for
Ausencio Alvarez Cortez

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br>AUSENCIO ALVAREZ CORTEZ,<br>ANGEL ISMAEL RAMIREZ,<br><br>Defendants. | Case No.: 2:20-CR-229 TLN<br><br>STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE<br><br>Date:  October 14, 2021<br>Time:  9:30 a.m.<br>Judge: Hon. Troy L. Nunley |

## **STIPULATION**

The United States of America through its undersigned counsel, James Conolly, Assistant United States Attorney, together with Attorney Dina Santos, counsel for Ausencio Alvarez Cortez, and Attorney Adam Pennella, Counsel for Angel Ismael Ramirez, hereby stipulate the following:

1. The Status Conference was previously set for July 22, 2021.  By this stipulation, the parties now move to continue the Status Conference to October 14, 2021, at 9:30 a.m. and to exclude time between July 22, 2021, and October 14, 2021, under the Local Code T-4 (to allow defense counsel time to prepare).
2. The parties agree and stipulate, and request the Court find the following:
   a. A continuance is requested to continue to allow the Defense to meet with the Client, review the discovery, conduct investigation, and discuss a potential resolution.

STIPULATION AND ORDER        - 1 -

    b. Counsel for the Defendant believes the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    c. The Government does not object to the continuance.

    d. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial within the original date prescribed by the Speedy Trial Act.

    e. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of July 22, 2021, and October 14, 2021, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

DATED: July 15, 2021                                        Phillip Talbert
                                                                           United States Attorney

                                                                           /s/ James Conolly
                                                                           JAMES CONOLLY
                                                                           Assistant U.S. Attorney

DATE:  July 15, 2021

                                                                           /s/ Dina Santos
                                                                           DINA SANTOS
                                                                           Attorney for Ausencio Alvarez Cortez

DATE: July 15, 2021

    /s/ Adam Pennella
ADAM PENNELLA
Attorney for Angel Ismael Ramirez

# ORDER

The Court has read and considered the Stipulation Regarding Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

**IT IS SO ORDERED.**

Dated: July 16, 2021

Troy L. Nunley
United States District Judge