ERIC GRANT
United States Attorney
JAMES CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>AUSENCIO ALVAREZ CORTES, and ANGEL ISMAEL RAMIREZ,<br>Defendant. | CASE NO. 2:20-CR-229<br><br>STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER REGARDING DISCOVERY |

## I. STIPULATION

1. Plaintiff United States of America, by and through its counsel of record, AUSA James Conolly, and defendants Ausencio Cortes and Angel Ramirez, by and through their counsel of record, Dina Santos and Adam Pennella, respectively, hereby stipulate and agree to the facts below, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information ("PII") of real persons and other confidential information and find that there is good cause to do so.

2. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

3. From its investigation in this case, the government possesses materials relating to the charges against the defendants, including cellular telephone data, from telephones belonging to the

defendants that contains PII and other confidential information for real persons, including, the defendants themselves. At the request of both defense attorneys assigned to this case, the government seeks to provide the data from the telephone(s) of each defendant to counsel for the other defendant without compromising the legitimate privacy and security concerns of the persons referenced or identified in the discovery.

4. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the PII and confidential personal information of others. If this information is disclosed without protective measures, or to the other defendant without limitation, it will risk the privacy and security of the people to whom the information relates. Some of the information could itself be used to further criminal activity if improperly disclosed or used. The United States has ongoing statutory and ethical obligations to protect victims.

5. Due to the nature of this case, the PII outlined above in many instances has evidentiary value itself. The large quantity of privacy-protected information would be difficult and time-consuming to redact. Further, if the government were to attempt to redact all this information, which is a significant amount of data, some of the discovery the defense would receive would be confusing or difficult to understand and could inhibit prompt and just resolution of the case by impeding defense counsel's efforts to learn the facts underlying the charge in this case.

6. Accordingly, the government and defendants (collectively the "parties") jointly request a Protective Order that will permit the government to produce discovery with a minimal amount of redactions, but which still preserves the privacy and security of each co-defendant and of third parties. The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security of each defendant and of third parties, while permitting the Defense Teams (as defined below in subsection II.B.) to understand the United States' evidence against the defendant.

## II. ~~PROPOSED~~ PROTECTIVE ORDER

### A. Protected Materials

7. This Order pertains to discovery identified by the government as containing PII and

other confidential information, which will be provided or made available to defense counsel in this case (hereafter, collectively "Protected Materials"). Materials subject to this Order will be Bates stamped with a prefix that includes "PM".

8. For purposes of this Protective Order, the term "Personal Identifying Information" ("PII") includes any name, social security number, date of birth, State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number, fingerprint, unique electronic identification number, address or routing code, license plate number, address, vehicle identification number, FBI and CII number and any other similar identifier.

9. For the purposes of this Protective Order, the term "Confidential Information" ("CI") is information in which any victim, witness, or third party has a right to confidentiality, including, among other things, financial information, medical information, or information of a type that the disclosure of which would harm privacy, security, or financial interests.

10. To the extent that any of the parties create notes that memorialize, in whole or in part, the PII or CI in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

**B. Defense Team**

11. For purposes of this Order, the following definitions apply:

a) "Defense Counsel": A defendant's counsel of record.

b) "Defense Team": Those professionally assisting representation of the defendant in this case including (1) A defendant's counsel of record, (2) other attorneys at that defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting a defense counsel with this case, (4) experts or potential experts retained by defense counsel, and (5) paralegals, legal assistants, and other support staff to a defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include the defendant himself,

any of the defendant's family, or other associates of any defendant.

12. Defense Counsel must provide a copy of this Order to all members of the Defense Team prior to providing any Protected Materials to those members. As to any members of the defense team that are not employed in the same office as defense counsel, such as retained or potential experts, Defense Counsel must obtain written acknowledgement from those members of the Defense Team that they are bound by the terms and conditions of this Protective Order. The written acknowledgement must be maintained by defense counsel until final disposition of the case, including exhaustion of direct and collateral appellate proceedings, but need not be disclosed or produced to the United States unless ordered by the Court.

**C. Disclosure of Protected Materials**

13. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purpose whatsoever. All Protected Materials shall not be used for the economic or other benefit of the defendant or any third party. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

14. Defendants may review Protected Materials in this case only in the presence of a member of the Defense Team, and Defense Counsel shall ensure that defendant is never left alone with any Protected Materials, or information derived from them. Defendant may not copy, keep, maintain, or otherwise possess any of such Protected Materials at any time. Defendant must return any Protected Materials to the Defense Team at the conclusion of any meeting at which defendant reviews the Protected Materials. Defendant may not take any Protected Materials out of the room in which they are meeting with the Defense Team. Defendant may not write down or memorialize any PII or CI contained in the Protected Materials. At the conclusion of any meeting with defendant, the member(s) of the Defense Team present shall take with him or her all Protected Materials. At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendant.

15. The Defense Team may review Protected Materials with a witness or potential witness in this case, including the defendant, but only to the extent that such disclosure is appropriate or necessary to prepare that witness's testimony, and subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to the defendant. Before being shown any portion of the Protected Materials, however, any witness or potential witness, including the defendant, must be informed of the existence of the Protective Order and given a copy of the Protective Order. No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

16. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

17. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, so that the United States may take timely action to respond to such demands as it may deem appropriate. Defense Counsel may not disclose any of the Protected Materials unless and until the Court provides explicit permission to do so in response to any such subpoena, request, or claim for access.

**D. Ensuring Security of Protected Materials**

18. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office or otherwise secure facility where visitors are not left unescorted, if in hard copy.

19. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

20. A copy of the Protective Order must be stored with the discovery, in paper form and

electronically.

21. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials that are subject to the restrictions of this Protective Order, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

**E. Filings**

22. In the event that a party needs to file Protected Materials containing PII, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose such information in court filings, the filing should be made under seal as provided for by the local rules. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential materials and make all reasonable attempts to limit the divulging of PII or confidential materials.

**F. Restrictions on Use of AI to Process Protected Materials**

23. No person or entity authorized to have access to Protected Materials under the terms of this Order shall input, transmit, upload, process, generate output from, or otherwise expose any Protected Materials received pursuant to this Protective Order to any artificial intelligence ("AI") tool without prior written notice to, and corresponding receipt of acknowledgement from, the government.

24. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise.

25. When providing written notice for the otherwise prohibited use of an AI tool, Defense Counsel must specifically identify and describe any AI tool to be used and certify that it does not (i) retain or use any Protected Materials for model training, nor (ii) expose any Protected Materials to third parties not authorized under this Protective Order to receive such materials. In addition, defense counsel must certify that: (i) defense counsel has implemented reasonable measures to ensure that any AI tool used will maintain the confidentiality of any Protected Materials, and (ii) defense counsel will ensure the deletion of all Protected Materials from the tool at the conclusion of this case. Defense Counsel will be responsible for destroying such information at that time. Under no circumstances will any member of the defense team submit Protected Materials to a publicly accessible AI system that retains and uses submitted data to train models. Such AI tools pose unique risks to the security and integrity of Protected Materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

**G. Conclusion of Prosecution**

26. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

27. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government or certify in writing that the Protected Materials have been destroyed. To the extent that federal or state rules of ethics and professional conduct within this jurisdiction require that Defense Counsel retain all records in the client's file for a certain number of years, Defense Counsel may retain the Protected Material, subject to the protections of this Protective Order, until that time. At that time, Defense Counsel shall return the Protected Materials to the government or certify in writing that the Protected Materials have been destroyed.

28. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

**H. Termination or Substitution of Counsel**

29. If there is a substitution of counsel prior to final disposition of the case, new counsel

of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in subsection F, above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

**I. Modification of Order**

30. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order regarding particular discovery items.

**J. Violation of Order**

31. Any person who willfully violates this Order may be held in contempt of court and maybe subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

**K. Disputes**

32. The parties shall make a good faith effort to resolve any dispute regarding the applicability of this Order. The United States may agree to remove a sensitivity designation without further order of this Court. Whenever the redaction of specified information will resolve the basis for which a sensitivity designation was applied, either party may do so and any materials so redacted will no longer be deemed Protected Material under this Order. Should the parties be unable to resolve the dispute, either party may file a motion specifying the material at issue and why it does or does not qualify as "Protected Material" under this Order. The disputed materials shall be treated as subject to this Order pending disposition of such motion.

**L. Automatic Exclusion from this Order.**

33. This Order does not apply to discovery that:

a) is, or later becomes, part of the public record via a manner that does not violate this Order, including materials that have been received in evidence in this or other public trials, or

materials that are publicly released by the U.S. Attorney's Office or the government of the United States;

b) materials that the defense obtains by means other than discovery; or

c) pertains solely and directly to the defendants.

**M. Application of Laws**

34. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

35. Nothing in this Order shall be construed to affect the application or and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated: September 14, 2026

ERIC GRANT
United States Attorney

By: /s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated: September 14, 2026

By: /s/ ADAM PENNELLA
ADAM PENNELLA
Counsel for Defendant
ANGEL RAMIREZ

Dated: September 14, 2026

By: /s/ DINA SANTOS
DINA SANTOS
Counsel for Defendant
AUSENCIO CORTES

**~~[PROPOSED]~~ ORDER**

The Court having read and considered the Stipulation and Joint Request for a Protective Order, and the facts contained therein, which this Court adopts and incorporates by reference into this Order in full, finds that good cause exists to enter the above Order.

IT IS SO ORDERED.

Dated: September 16, 2026

[signature]
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE